UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH AARONS et al.                         CIVIL ACTION

VERSUS                                       CASE NO. 14-601

PHILLIPS 66 COMPANY et al.                   SECTION: "G"(1)

## ORDER AND REASONS

Before the Court are Plaintiffs Joseph Aarons, Hilton Boothe, Enoch Boothe and Jesse Sheppard's (collectively, "Plaintiffs") Motion to Remand[1] and Defendant Freeport-McMoRan Energy LLC's ("FME") Motion to Remand.[2] After reviewing the motions, oppositions, replies, the record, and the applicable law, the Court will grant the pending motions and remand this case to the Civil District Court for the Parish of Orleans.

## I.  Background

On February 2, 2012, Plaintiffs filed a Petition for Damages in the Civil District Court for the Parish of Orleans.[3]  In the Petition for Damages, Plaintiffs, who were employed as offshore workers in the oil and gas industry, claim that they were exposed to asbestos containing products and materials.[4] Plaintiffs asserted claims under both the Jones Act and general maritime law.[5] On January 9, 2013, Plaintiffs filed a first supplemental and amending petition alleging more specific

---

[1] Rec. Doc. 18.

[2] Rec. Doc. 19.

[3] Rec. Doc. 1-2.

[4] *Id.*

[5] Rec. Doc. 1-2 at 6–9.

facts regarding Plaintiffs' employment.[6] On January 31, 2014, Plaintiffs filed another supplemental and amending petition for damages, adding ten new defendants, including North River Insurance Company ("North River") and Costal of Abbeville, L.L.C ("Costal").[7] On March 17, 2014, North River and Costal timely filed a Notice of Removal pursuant to 28 U.S.C. § 1441(c).[8]

## II. Parties' Arguments

### A. Plaintiffs' Motion to Remand

Plaintiffs argue that Jones Act claims filed in state court are not removable, absent an independent basis for federal jurisdiction.[9] They assert that there is no independent basis for federal jurisdiction in this case.[10] Additionally, Plaintiffs argue that the admiralty jurisdiction upon which Defendants seek to remove this case does not "'arise under the Constitution, laws, or treaties of the United States' and thus severing the Jones Act claims is impermissible" under 28 U.S.C. § 1441(c).[11] Plaintiffs note that they elected to bring their action in state court and have requested a trial by jury.[12] Accordingly, they argue that "removal here would be inappropriate as it would strip Plaintiffs of the right to elect the venue and more importantly the right to trial by jury since trial by jury is not an available remedy where admiralty is the sole basis for jurisdiction."[13]

---

[6] Rec. Doc. 1-4 at 21–23.

[7] Rec. Doc. 1-6 at 3–4.

[8] Rec. Doc. 1 at 5.

[9] Rec. Doc. 18-1 at 8.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

**B. FME's Motion to Remand**

FME argues that Plaintiffs asserted Jones Act claims against it in state court, which are non-removable by federal statute.[14] FME contends that 18 U.S.C. § 1441(c) is limited to cases where removal is based on federal question jurisdiction.[15] FME asserts that admiralty jurisdiction provides the only basis for removal, making § 1441(c) inapplicable here.[16]

Alternatively, FME asserts that this case must be remanded because all parties with removable claims asserted against them are required to consent to removal.[17] FME argues that "Plaintiffs' maintenance and cure, unseaworthiness and state law claims are independently removable under this Court's admiralty subject matter jurisdiction. Thus, the removing defendants, Coastal of Abbeville, L.L.C. and North River Insurance Company, were required to obtain FME's consent to removal pursuant to 28 U.S.C. § 1446(b)(2)(A)."[18]

**C. Chevron Phillips Chemical Company LP's Arguments in Opposition**

Chevron Phillips Chemical Company LP ("CPChem") argues that remand is inappropriate because: (1) the 2011 amendments to 28 U.S.C. § 1441 eliminate the historical bar to removal; and (2) Plaintiffs have not pled sufficient facts within their Petition for Damages to show that they have viable claims under the Jones Act.[19] CPChem argues that the amendment to §1441(b) eliminated the historical bar to removal of maritime claims, and by invoking general maritime law, Plaintiffs

---

[14] Rec. Doc. 19-1 at 2.

[15] *Id.* at 3.

[16] *Id.*

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 21 at 1, 3–10.

3

rendered their case subject to removal.[20] CPChem asserts that Plaintiffs have not alleged sufficient facts to establish claims under the Jones Act because they failed to provide any information as to which vessels or fleet of vessels they were assigned or as to the nature or duration of Plaintiffs' duties aboard any vessels.[21] Alternatively, CPChem argues that "under the 'sever-and-remand' approach described at § 1441(c) upon Plaintiffs' confirmation, the district court should: (1) sever Plaintiffs' claims against the Jones Act defendants, and (2) remand only those claims."[22]

Finally, CPChem asserts that FME was not required to consent to the removal because the Jones Act claims were fraudulently pled.[23] Alternatively, CPChem argues that FME's content was not required pursuant to 28 U.S.C. 1441(c)(2), which states that "[o]nly defendants against whom a claim is described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1)."[24]

## D. The North River Insurance Company and Coastal of Abbeville, L.L.C.'s Arguments in Opposition

Defendants North River Insurance Company ("North River") and Coastal of Abbeville, L.L.C. ("Coastal") argue that general maritime claims are removable under the 2011 amendments to 28 U.S.C. § 1441.[25] North River and Coastal acknowledge that Jones Act claims are procedurally barred from removal under 28 U.S.C. § 1445, arguing that "this does not preclude the exercise of

---

[20] *Id*. at 8.

[21] *Id*. at 10.

[22] *Id*. at 1, 10–11

[23] *Id*. at 12.

[24] *Id*.

[25] Rec. Doc. 22 at 1, 6.

federal question jurisdiction over Jones Act claims, but only acts as a waivable procedural bar for removal of Jones Act claims."[26] North River and Costal argue that they properly removed this entire civil action based on original jurisdiction over the admiralty claims.[27] They assert that "[t]he only claims that are authorized by law to be remanded are the Jones Act claims."[28] Accordingly, they contend that the Court should sever and remand the Jones Act claims only pursuant to 28 U.S.C. § 1441(c).[29]

Alternatively, North River and Costal assert that the Jones Act claims were fraudulently pled for the purpose of attempting to preclude removal to federal court.[30] They argue that there is nothing in the pleadings plausibly relating plaintiffs' duties as 'oil field workers … in the oil and gas drilling industry' with any contribution to the function of a vessel in navigation or to the accomplishment of the mission of any vessel in navigation."[31]They assert that "it is pure speculation to conclude that any 'oil rig' or vessel on which plaintiffs allegedly worked were floating structures as opposed to fixed platforms or stationary drilling rigs, as there are no facts whatsoever in the pleadings upon which to base such a conclusion—or to support a Jones Act claim."[32] Accordingly, they contend that "the Jones Act claims must be disregarded and remand should be denied."[33]

---

[26] *Id.* at 9.

[27] *Id.*

[28] *Id.* at 11.

[29] *Id.*

[30] *Id.* at 12.

[31] *Id.* at 11.

[32] *Id.* at 15.

[33] *Id.* at 16.

North River and Costal assert that "[t]he consent of FME was not required under 28 U.S.C. § 1441(c) and/or consent was not required because FME is a fraudulently joined co-defendant."[34] Finally, they contend that removal does not deprive Plaintiffs of their right to a trial by jury because Plaintiffs' state law claims are joined with admiralty claims.[35]

### E. Plaintiffs' Arguments in Reply

On May 1, 2014, Plaintiffs filed a reply brief.[36] Plaintiffs argue that removal of Jones Act claims is statutorily barred, and "Defendants simply cannot overcome this statutory bar to removal."[37] They assert that general maritime law claims do not arise under the Constitution, laws, or treaties of the United States, making 28 U.S.C. § 1441(c) inapplicable here and "the sever and remand approach" improper.[38]

Plaintiffs also assert that they have sufficiently pled their Jones Act claims.[39] They note that paragraph 7 of the original petition states that Plaintiffs "were exposed to asbestos drilling mud while employed to work in the Gulf of Mexico in the oil and gas industry and that this exposure has cause asbestos maladies," and paragraph 14 of the original petition alleges that Plaintiffs are Jones Act seamen.[40] Plaintiffs argue that they amended their original petition to add more specific details of the Jones Act employment, stating:

---

[34] *Id*. at 17.

[35] *Id*.

[36] Rec. Doc. 28.

[37] *Id*. at 1.

[38] *Id*. at 2.

[39] *Id*. at 2.

[40] *Id*. at 3.

Plaintiff Hilton Boothe alleges employment as a roughneck with Freeport Minerals Company from 1967 through 1970 as corroborated by his Social Security Administration record which was attached and made part of the record. He alleged working out of Garden Island Bay and Venice, Louisiana. Plaintiff Enoch Boothe alleged employment as a floor hand, roughneck and derrick hand with Freeport Sulphur from 1968 to1970. He further alleged working out of Plaquemines and Grand Isle, Louisiana. Plaintiff Joseph Aarons alleged working with Freeport-McMoran from 1966 to 1998. During that time, he alleged he was employed as a helper, roughneck, derrick hand, and driller. Finally, Plaintiff Jesse Sheppard alleged employment with Freeport Mineral from 1968 to 1976 and again from 1980 to 1988 as corroborated by his Social Security Administration record which was also attached and made part of the record. During his tenure, he was alleged to have worked as a helper, roughneck, derrick hand, and driller.[41]

Accordingly, Plaintiffs assert that they have alleged viable Jones Act claims.[42]

### F. FME's Arguments in Reply

In its reply brief, FME argues that there "is no scenario where FME's consent becomes optional."[43] It asserts that section 1441(c)'s exception to the consent rule only applies to defendants facing solely non-removable claims, and because FME faced non-Jones Act claims, its consent was required.[44]

## III.  Law and Analysis

### A. Removal of Plaintiffs' Jones Act Claims

As a general rule, a defendant who desires to remove a maritime action from state court to federal court must establish an independent ground of federal subject matter jurisdiction.[45] Plaintiffs

---

[41] *Id.* at 3–4.

[42] *Id.* at 4.

[43] Rec. Doc. 26 at 2.

[44] *Id.*

[45] *In re Dutile*, 935 F.2d 61, 63 (5th Cir.1991) ( "[A]dmiralty and maritime claims may be removed to federal court only by non-forum defendants and only where there is complete diversity of citizenship.").

argue that this case must be remanded because there is no independent basis for jurisdiction. Defendants assert that the amendments to 28 U.S.C. § 1441 changed this general rule. District courts are divided as to whether the amendments to § 1441 permit a defendant to remove a general maritime claim on the basis of admiralty jurisdiction alone.[46] However, the Court need not address this issue because it finds the presence of Jones Act claims precludes removal pursuant to section 1441(c).

In general, suits properly brought in state court under the Jones Act may not be removed.[47] Recognizing this, Defendants argue that the suit is removable pursuant to 28 U.S.C. § 1441(c), which provides:

(c) Joinder of Federal law claims and State law claims.–

(1) If a civil action includes–

(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and

(B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only

---

[46] *Compare Coronel v. AK Victory*, 1 F.Supp.3d 1175, 1178–79, No. C13–2304, 2014 WL 820270, at *2–11 (W.D.Wash. Feb. 28, 2014), and *Barry v. Shell Oil Co.*, Civil Action No. 13–6133, 2014 WL 775662, at *1–3 (E.D.La. Feb. 25, 2014) (cases brought under the general maritime law are not removable), with *Garza v. Phillips 66 Co.*, Civil Action No. 13–742, 2014 WL 1330547, at *4–5 (M.D.La. Apr. 1, 2014), and *Harrold v. Liberty Ins. Underwriters, Inc.*, Civil Action No. 13–762, 2014 WL 688984, at *3–4 (M.D.La. Feb. 20, 2014), and *Carrigan v. M/V AMC AMBASSADOR*, Civil Action No. H–13–03208, 2014 WL 358353, at *2 (S.D.Tex. Jan. 31, 2014), and *Bridges v. Phillips 66 Co.*, Civil Action No. 13–477, 2013 WL 6092803, at *4–5 (M.D.La. Nov. 19, 2013), and *Wells v. Abe's Boat Rentals Inc.*, Civil Action No. H13–1112, 2013 WL 3110322, at *1–4 (S.D.Tex. June 18, 2013), and *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772, 774–78 (2013) (cases brought under the general maritime law are removable).

[47] 46 U.S.C. § 30104; 28 U.S.C. § 1445(a); *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995).

8

defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).[48]

The plain language of § 1441(c)(1)(A) indicates that it applies only where a nonremovable claim is joined with a claim "arising under the Constitution, laws , or treaties of the United States," within the meaning of 28 U.S.C. § 1331. "Emphatically, claims in admiralty, whether designated *in rem* or *in personam*, do not fall within this category."[49] Here, Plaintiffs have not alleged a claim that would give rise to federal question jurisdiction under § 1331. Accordingly, even if Plaintiffs' maritime claims are otherwise removable on the basis of admiralty jurisdiction, Defendants cannot overcome the statutory bar to removal of the Jones Act claims.[50]

### B. Were Plaintiffs' Jones Act Claims Fraudulently Pled?

Removal may be achieved if a defendant can show that the plaintiff's Jones Act claim was fraudulently pled to prevent removal.[51] Jones Act defendants can therefore defeat remand by showing the assertion of seaman status is "baseless in law and in fact and serve[s] only to frustrate federal jurisdiction."[52] The Fifth Circuit has stated that the defendant's burden is a heavy one:

Defendants must prove that the allegations of the complaint were fraudulently made, and any doubts should be resolved in favor of the plaintiff. As in fraudulent joinder

---

[48] 28 U.S.C. § 1441(c) (2013). Prior to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 amendments, section 1441(c) provided:
Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

[49] *Dutile*, 935 F.2d at 63 (citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 378 (1959)).

[50] *See Freeman v. Phillips 66 Company*, Case No. 14-311 (E.D. La. Apr. 8, 2014); *Rawls v. Phillips 66 Company*, Case No. 14-602 (E.D. La. May 15, 2014).

[51] *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993) (citing *Preston v. Grant Advertising, Inc.*, 375 F.2d 439, 440 (5th Cir. 1967).

[52] *Id.* (quoting *Dodd v. Fawvett Publ'ns, Inc.*, 239 F.2d 82, 85 (10th Cir. 1964).

9

cases, defendant's burden of persuasion is a heavy one. The district court must resolve disputed questions of fact from the pleadings and affidavits in favor of the plaintiff. The removing party must show that there is no possibility that plaintiff would be able to establish a cause of action.[53]

"[W]hile federal courts ordinarily look only to the plaintiff's pleadings in determining whether a Jones Act claim has been stated, defendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal."[54] Thus, a court may use a "summary judgment-like procedure" to determine whether a Jones Act claim has been fraudulently pled.[55] In making this determination, the district court must resolve disputed questions of fact in favor of the plaintiff.[56]

Specifically, the Fifth Circuit in *Zertuche v. Great Lakes Dredge & Dock Company*,[57] described what the defendant must show to pierce the plaintiff's pleadings and demonstrate that seaman status has been fraudulently pled.[58] "For example, [the defendant] could have submitted employment records either showing that [the plaintiff] was first hired in 2006 or, if he was hired in 2003, that less than 30 percent of his assignment over the course of his entire employment were connected to a vessel in navigation."[59] However, the court held that the district court "should have remanded the case because [the defendant] did not carry its burden" where the defendant "did not

---

[53] *Id.*

[54] *Id.*

[55] *Hufnagel v. Omega Service Industries*, 182 F.3d 340, 345 (5th Cir. 1999).

[56] *Lackey*, 990 F.2d at 207 (5th Cir. 1993).

[57] 306 Fed. App'x 93, 2009 WL 32528, at *3 (5th Cir. 2009).

[58] *Id.*

[59] *Id.* at *3 (citing *Breaux v. Halliburton Energy Servs., Inc.*, No. 04-1636, 2004 U.S. Dist. LEXIS 21418, at *5-7 (E.D.La. Oct. 22, 2004) (finding that defendant had pierced the pleadings to show that plaintiff could not possibly meet the 30-percent threshold by submitting objective evidence in the form of the plaintiff's employment records)).

submit any employment records, which are already in its control, to refute [the plaintiff's] allegation that he spent 50 percent of his employment working as a deckhand."[60]

In *Lackey v. Atl. Richfield Co.*, the Fifth Circuit held that a plaintiff sufficiently stated a Jones Act claim by alleging that: (1) he was a seaman; (2) he was injured in the course and scope of his employment; and (3) there was an employment relationship between the plaintiff and defendant.[61] Here, Defendants do not dispute that Plaintiffs have sufficiently alleged that the injuries occurred during the course and scope of their employment and that employment relationships existed. Defendants contend that Plaintiffs have failed to properly allege that they were seaman.

The question of whether Jones Act seaman status has been established is a mixed question of law and fact.[62] "If reasonable persons, applying the proper legal standard, could differ as to whether the employee was a 'member of a crew,' it is a question for the jury."[63] However, "summary judgment is mandated where the facts and the law will reasonably support only one conclusion."[64]

The United States Supreme Court has articulated a two-part test to determine whether an employee qualifies as a seaman under the Jones Act. First, "an employee's duties must 'contribut[e] to the function of the vessel or to the accomplishment of its mission.'"[65] Second, "a seaman must have a connection to a vessel in navigation (or to an identifiable group of vessels) that is substantial in

---

[60] *Id.*

[61] *Id.*

[62] *Chandris*, 515 at 369; *see also Teaver v. Seatrax*, 434 Fed. App'x 307, 309 (5th Cir. 2011).

[63] *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 356 (1991).

[64] *Id.*

[65] *Chandris v. Latsis*, 515 U.S. 347, 368 (1995) (quoting *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 355 (1991).

terms of both its duration and its nature."[66]  The purpose of the substantial connection requirement is "to separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based maritime workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employment does not regularly expose them to the perils of the sea."[67]

A "vessel" is statutorily defined as "every description of watercraft or other artificial contrivance used, or capable of being used, as a means of transportation on water."[68] The Supreme Court has stated that this includes "any watercraft practically capable of maritime transportation, regardless of its primary purpose or state of transit at a particular moment."[69] Therefore, for a watercraft to be classified as a vessel, its primary purpose need not be navigation or transportation, nor must it be in motion at the time one sustains an injury.[70] The Supreme Court has specified that the relevant inquiry in determining vessel status is "whether the watercraft's use as a means of transportation on water is a practical possibility or merely a theoretical one."[71] The Fifth Circuit "has repeatedly held that special-purpose movable drilling rigs, including jack-up rigs, are vessels within the meaning of admiralty law."[72]

Defendants' chief argument focuses on the assertion that Plaintiffs failed to state a proper

---

[66] *Id.*

[67] *Id.*

[68] 1 U.S.C. § 3.

[69] *Stewart v. Dutra Construction Co.*, 543 U.S. 481, 497 (2005).

[70] *Id.* at 495–96.

[71] *Id.* at 496.

[72] *Demette v. Falcon Drilling Co., Inc.*, 280 F.3d 492, n. 18 (5th Cir. 2002). *See also Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 215 (5th Cir. 2013) ("In this circuit, jack-up drilling platforms (like the one at issue in this suit) are considered vessels under maritime law.").

Jones Act claim because they did not specifically link themselves to a specific vessel. This Court finds this argument unavailing at this stage of the litigation because Defendants have presented no evidence showing that Plaintiffs did not work on vessels. Further, Plaintiffs have, at least theoretically, satisfied the minimal burden required to make a Jones Act claim. In paragraph 14 of the original petition, Plaintiffs alleged that they were Jones Act seamen "more or less permanently assigned to a vessel or fleet of vessels under the Jones Act."[73] In their amended petition, Plaintiffs included additional allegations regarding their employment. Plaintiff Hilton Boothe alleged employment as a roughneck with Freeport Minerals Company from 1967 through 1970.[74] Plaintiff Enoch Boothe alleged employment as a floor hand, roughneck and derrick hand with Freeport Sulphur from 1968 to 1970.[75] Plaintiff Joseph Aarons alleged working with Freeport-McMoran from 1966 to 1998 as a helper, roughneck, derrick hand, and driller.[76] Finally, Plaintiff Jesse Sheppard alleged employment with Freeport Mineral from 1968 to 1976 and again from 1980 to 1988 as a helper, roughneck, derrick hand, and driller.[77]

Plaintiffs have not alleged the names of the vessels or oil rigs upon which they worked, but they have alleged that they were "more or less permanently assigned to a vessel or fleet of vessels under the Jones Act." Accordingly, the Court finds that Plaintiffs have sufficiently alleged that they had a connection to a vessel in navigation (or to an identifiable group of vessels) that is substantial in terms of both its duration and its nature. Defendants have presented no evidence disputing this

---

[73] Rec. Doc. 1-2 at 7.

[74] Rec. Doc. 1-4 at 21.

[75] *Id.*

[76] *Id.* at 22.

[77] *Id.*

allegation. The Court cannot definitively determine, based on the evidence presently before it, whether Plaintiffs actually worked on vessels or whether the oil rigs would be considered vessels under Fifth Circuit precedent. At this stage, Defendants bear the burden of proving that there is no possibility that Plaintiffs would be able to establish a cause of action under the Jones Act. Defendants simply have not met this burden. Defendants fail to cite any evidence, via discovery or otherwise, to allow this Court to conclude that there are no feasible Jones Act claims. Therefore, the Court finds that Defendants have not met their burden and this matter is appropriately remanded to state court.[78]

### V.  Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand[79] and FME's Motion to Remand[80] are **GRANTED**;

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Civil District Court for the Parish of Orleans.

**NEW ORLEANS, LOUISIANA**, this <u>11th</u> day of February, 2015.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[78] Because the Court finds remand appropriate on this basis, it will not address FME's additional argument that its consent was required for the case to be removed.

[79] Rec. Doc. 18.

[80] Rec. Doc. 19.

14